NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONEEL DEO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-2526

Agency No.
A079-261-235

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2026[**]
Pasadena, California

Before: HIGGINSON, NGUYEN, and BRESS, Circuit Judges.[***]

Petitioner Roneel Deo is a native and citizen of Fiji and a United States

lawful permanent resident. Deo was twice convicted of criminal threats under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, 5th Circuit, sitting by designation.

California Penal Code § 422. He seeks review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review legal and constitutional claims, *Park v. Garland*, 72 F.4th 965, 973 (9th Cir. 2023), and we deny the petition.

We review agency determinations that a conviction was a particularly serious crime for abuse of discretion, and we "may not 'reweigh the evidence and reach our own determination about the crime's seriousness.'" *See Hernandez v. Garland*, 52 F.4th 757, 765 (9th Cir. 2022) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)).

In determining whether a conviction constitutes a particularly serious crime, and where, as here, the crime is not a per se particularly serious crime, the agency "look[s] to such factors as the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014) (quoting *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982)). Adjudicators may also consider the petitioner's mental health in determining whether the petitioner constitutes a danger to the community. *Matter of B-Z-R-*, 28

I. & N. Dec. 563, 567 (2022).

1.     The agency did not abuse its discretion in determining that Deo's 2022 conviction for criminal threats was a particularly serious crime. First, the BIA properly affirmed the IJ's determination that Deo's offense of conviction "is categorically a crime of violence that involves a threat of death or bodily injury to a person . . . ." *See Konou*, 750 F.3d at 1127 ("Crimes against persons are more likely to be categorized as 'particularly serious crimes.'" (quoting *Frentescu*, 18 I. & N. Dec. at 247)). Second, the IJ considered the fact that Deo testified that he threatened to kill his father on the phone, and that his threat conveyed to his father "a gravity and purpose and an immediate prospect of execution." According to the criminal complaint, Deo placed his father in reasonable fear for the safety of himself and his family. Additionally, the IJ relied on the fact that Deo was a repeat offender, and that Deo received a four-year prison sentence for his actions. Therefore, the BIA did not abuse its discretion in affirming the IJ's particularly serious crime determination "based on the serious nature of the offense, the underlying circumstances, and the sentence imposed."

Contrary to Deo's contention, the BIA and IJ adequately considered Deo's mental state, including his "confusion, hallucinations, and delusions and to what extent, if any, those conditions played in the . . . offense." The BIA did not abuse its discretion when it held that that Deo's mental health evidence did not

demonstrate his mental state during the incident for which he was convicted. Most of the evidence Deo presented related to his mental state during the incident leading to his earlier conviction in 2021. *See Edgar G.C. v. Bondi*, 136 F.4th 832, 843 (9th Cir. 2025) ("[E]vidence of mental illness is only relevant to the *Frentescu* analysis insofar as an applicant attributes the offense to the illness."). Moreover, even assuming that Deo experienced symptoms of his mental health condition during the incident that led to his 2022 conviction, the BIA and IJ reasonably concluded that Deo's mental health was not an adequate mitigating factor given the nature and circumstances of his conviction. Although Deo may not agree with the agency's conclusion, he has not established that the BIA abused its discretion in its determination. *See Hernandez*, 52 F.4th at 765.

2. Deo did not challenge the IJ's denial of his applications for asylum and CAT deferral in his brief before the BIA. Because he failed to exhaust these claims, we do not consider them. *See* 8 U.S.C. § 1252(d)(1); *see also Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) ("Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA.").

**PETITION DENIED.**[1]

---

[1] Deo's Motion to Stay Removal, Dkt. No. 2, and Supplemental Motion to Stay Removal, Dkt. No. 7, are denied.